# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| KELLI A. GETTNER,<br><br>       Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>       Defendant. | No. C05-4096-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the denial by an administrative law judge ("ALJ") of Title XVI supplemental security income. Judge Zoss determined that there was not substantial evidence in the record as a whole to support a finding that Kelli A. Gettner ("Gettner") is not disabled due to Gettner's mental illness, seizures, migraine headaches, and learning disabilities.

Judge Zoss's Report and Recommendation concluded that the denial of benefits is not supported by substantial evidence. In fact, Judge Zoss concluded the record supports a finding of disability. *Gettner v. Barnhart*, No. 05-4096-MWB , 2006 WL 1192868, *1 (N.D. Iowa, May. 02, 2006). Specifically Judge Zoss stated:

> Listing 12.05C provides that an impairment reaches the required level of severity for mental retardation when the individual has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]" 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C. In this case, Gettner's IQ of 70 falls within the listing's

> requirements. The question, therefore, is whether substantial evidence in the record shows Gettner had some other impairment that imposes upon her "an additional and significant work-related limitation of function." *(Id.)* The court finds the record contains such substantial evidence.

*Id*. at 18.

Further, Judge Zoss found that the record does contain substantial additional evidence to support Gettner's claim of other disabilities.

> The record also establishes that Gettner suffers from severe migraine headaches. Indeed, the ALJ found Gettner's severe impairments include migraine headaches, seizures, and depression, in addition to her impaired intellectual functioning. The record contains substantial evidence to support Gettner's claim that she would have to miss at least three days of work each month due to her impairments a fact which the VE testified would preclude her from all competitive employment. The court finds it is of no consequence that the record contains no opinions from Gettner's treating physicians regarding her functional abilities where the ALJ never asked her treating sources to provide such an opinion. *See Smith v. Barnhart,* 435 F.3d 926, 930 (8th Cir. 2006)

*Id.*

Therefore, Judge Zoss recommends that the ALJ's decision should be reversed, and this case should be remanded for calculation and award of benefits:

> In this case, where the record itself "convincingly establishes disability and further hearings would merely delay receipt of benefits, an immediate order granting benefits without remand is appropriate." *Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991) (citing *Jefferey v. Secretary of H.H.S.,* 849 F.2d 1129, 1133 (8th Cir. 1988); *Beeler v. Bowen,* 833 F.2d 124, 127-28 (8th Cir. 1987); *accord Thomas v. Apfel,* 22 F. Supp. 2d 996, 999 (S.D. Iowa 1998) (where claimant is unable to do any work in the national economy, remand to take additional evidence

>would only delay receipt of benefits to which claimant is entitled, warranting reversal with award of benefits).

*Id.*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

In this case, no objections have been filed. Thus, the court concludes *de novo* review, required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed).

Upon plain error review, the court finds no grounds to reject or modify the Report and Recommendation. The ALJ's decision to deny benefits is **overruled.** Therefore, the Report and Recommendation is **accepted**, *See* 28 U.S.C.§ 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge."). The court **reverses** the ALJ's decision and **remands** this case to the Commissioner for calculation and award of benefits to Gettner.

    **IT IS SO ORDERED.**

    **DATED** this 6th day of June, 2006.

                                                               MARK W. BENNETT
                                                               CHIEF JUDGE, U.S. DISTRICT COURT
                                                                NORTHERN DISTRICT OF IOWA